## Charles R. Codman & another *vs.* Hiram Hall.

One who at his request has been permitted by joint owners of real estate to enter into the use and occupation thereof, is liable to the survivors of the joint owners therefor, although he entered under a lease which was executed by only a portion of them.

Proof that a tenement was let with knowledge on the part of the lessors that intoxicating liquors were to be sold there by the lessee will not exonerate the lessee from liability for rent, provided the jury find that they did not knowingly let the premises for the illegal sale or keeping for sale of intoxicating liquors, or knowingly permit the premises to be so used.

If the lessee of a part of a building in Boston is liable to the lessors for taxes, the lessors may prove a usage in that city to apportion the taxes, according to the amount of rent paid by the different tenants.

Contract. The declaration, as amended, contained several counts, the first of which alleged that the plaintiffs, with Francis Codman, deceased, were joint owners of certain premises in Lindall Street, Boston, occupied in part by other persons, and on the 1st of August 1859 entered into an indenture of lease with the defendant, a copy of which was annexed; and that the defendant thereupon entered into and remained in possession of the premises during the whole term mentioned in the lease, and owes the plaintiffs rent and taxes according to the terms thereof. Other counts alleged that the plaintiffs and Francis Codman, deceased, being joint owners of the premises, permitted the defendant, at his request, to enter into the use and occupation of the premises, and he thereupon promised to pay a certain rent and the taxes thereon.

The lease annexed to the declaration recited the names of the plaintiffs and Francis Codman as lessors, but was not signed by Charles R. Codman, and contained the following provision: ‘This lease being granted expressly on the condition that nc

wines or other liquors of any sort shall be sold at retail on the premises, to be drank on the premises; and in case of any such sale this lease shall be void, at the option of the lessors or their assigns." The lessee also covenanted to pay a certain rent, " and also all the taxes, water rates and assessments whatsoever, whether in the nature of taxes now in being or not, which may be payable for or in respect of the said premises or any part thereof, during the said term."

At the trial in the superior court, before *Morton,* J., Robert Codman, one of the plaintiffs, testified that he had the principal care and management of the estate in question, and made the lease in two parts, one of which was delivered by him to the defendant, and the other by the defendant to him; that the defendant entered under this lease, and occupied the premises during the term therein named, and had paid the rent for all except two quarters, and the taxes for one year, ascertained and apportioned as hereafter mentioned, and now owes rent for those two quarters, and the taxes for two years; and that there is in Boston a usage to apportion the whole tax on a building to the tenants according to their respective rents, where several tenants occupy the same building, and that the taxes now claimed were thus apportioned.

The said Codman further testified that the defendant told him, when he applied for the building, that he was going to sell liquor there; that Codman replied that he did not wish to have drinking about the premises, and did not mean to have any, and so the clause about retailing was put in; that he passed the store frequently, while the defendant occupied it, and went in several times to get the rent and attend to repairs; that he did not recollect seeing anything but barrels and bottles there; that he had no positive knowledge that the defendant sold liquors there; that he understood, when the agreement was made, that spirituous liquors were to be sold on the premises, and from what he saw supposed that the premises were used for the sale of liquors through the term; and that he did not know that the defendant intended to sell or did sell illegally.

The plaintiffs here rested their case; and the defendant asked

the court to rule that the lease was on its face void, on account of the clause relating to the sale of liquors; and that the action could not be maintained, because the lease was not executed by Charles R. Codman, and because, by the testimony of Robert Codman, the store was let for the sale of liquors. The judge declined so to rule; but ruled that it was a question of fact for the jury to find whether the plaintiffs knowingly let the premises for the illegal sale or keeping for sale of intoxicating liquors, or knowingly permitted the premises to be so used. The defendant afterwards testified that the premises were used wholly for the sale, at wholesale and retail, of foreign and domestic liquors, and that he had no appointment, license or authority therefor.

The judge also instructed the jury that if the plaintiffs had proved a usage in Boston, as above stated, the jury might apportion the taxes on the several tenants of the building, according to the rents paid by them, and thus ascertain the amount of taxes for which the defendant was liable.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*J. M. Keith*, for the defendant. The action cannot be maintained by these plaintiffs, because Charles R. Codman did not sign the lease. *Metcalfe* v. *Rycroft*, 6 M. & S. 75. 1 Chit. Pl. 2, 4. The lease is void, as being in violation of law. The evidence shows that the lease, and the occupancy thereunder, were in violation of law.

*R. Codman*, for the plaintiffs.

METCALF, J. The defendant shows no legal or equitable defence to this action. The plaintiffs are clearly entitled, under one or the other of the counts in their amended declaration, to recover the demand made by them, according to the covenant of the defendant in the instrument executed by him on the 1st of August 1859. He went into possession of the premises described in that instrument, and retained uninterrupted possession thereof during the full term therein mentioned, with the consent and approval of the three joint owners of those premises. By the death of one of those joint owners, during the term, the

cause of action for rent, or for use and occupation, survived to the other two.

We incline to the opinion that these survivors might, on a declaration rightly framed, maintain an action against the defendant on his covenant contained in that instrument, although it was not executed by Charles R. Codman, one of the joint owners of the premises. For it is an ancient doctrine of the law, that if one party executes his part of an indenture, it shall be his deed, though the other does not execute his part. Com. Dig. Fait. C. 2. And we suppose that when a lessee has entered and enjoyed his whole term, he is liable on his covenant to pay rent, though the lessor did not execute the lease. See 1 Walford on Parties, 432 ; *Petrie* v. *Bury*, 3 B. & C. 353 ; *Cooch* v. *Goodman*, 2 Ad. & El. N. S. 580. But however this may be, the plaintiffs, as we have already said, are entitled to recover on the pleadings in the case.

The jury, by finding a verdict for the plaintiffs, under the instructions given to them, have found that the plaintiffs did not knowingly let the premises for the illegal sale or keeping for sale of intoxicating liquors, nor knowingly permit the premises to be so used, as alleged in the answer of the defendant.

The jury were rightly instructed that if the plaintiffs had proved the usage in Boston, testified to on the trial, as to the apportionment of taxes on a building, occupied by different tenants, according to the respective rents of those tenants, and that the taxes which were claimed in this action were so assessed, the plaintiffs might recover the taxes which they claimed of the defendant. It appeared at the trial, that the defendant had, for the first year of his term, paid the taxes which were apportioned according to this usage ; and his counsel made no objection, in his brief, to the aforesaid ruling. *Exceptions overruled*